**FEM LAW GROUP**
F. Edie Mermelstein, State Bar No. 248941
17011 Beach Blvd., Suite 900
Huntington Beach, CA 92647
Telephone: (714) 596-0137 Fax: (714) 842-1979

Attorneys for Plaintiff ANTONIA
BASILOTTA p/k/a TONI BASIL, an
individual

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIA BASILOTTA, p/k/a TONI BASIL an individual,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>JibJab Media, Inc., a Delaware Corporation; and DOES 1-50,<br><br>　　　　　　Defendants. | CASE NO. 2:17-cv-6358<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>(1) Copyright Infringement; (2) Violation of California Civil Code §3344; (3) Violation of Common Law Right of Publicity; (4) False Designation of Origin [Violation of Lanham Act, Section 43(a)]; (5) Unjust Enrichment; (6) Involuntary Trust; and (7) Violation of Business & Professions Code § 17200, et seq. |

**COMPLAINT**

Plaintiff, ANTONIA CHRISTINA BASILOTTA (p/k/a "Toni Basil"), brings this complaint and alleges on information and belief as follows:

### *NATURE OF THE ACTION AND RELIEF SOUGHT*

1.　　Plaintiff, ANTONIA BASILOTTA, person known as TONI BASIL ("Plaintiff" or "Basil"), files this action against JibJab Media, Inc. ("JibJab" or

FEM LAW GROUP
18811 Huntington Street, Suite 240
HUNTINGTON BEACH, CALIFORNIA 92648

"Defendant"), for declaratory relief, injunctive relief, damages and statutory attorney fees under the laws of the United States and under the laws of the state of California.

2.     Basil's Copyrights include Plaintiff's iconic, famous and world-renowned, Eighties cheerleading anthem music video, "Mickey" (hereinafter *"Mickey Music Video"*) which was created to promote Basil's first album, *Word of Mouth,* which included Basil's sound recording of *Mickey* among other sound recordings (hereinafter *"Mickey"*). The *Mickey Music Video* is a commercial success, which was created and released during the birth of the music video age and MTV.

3.     The *Mickey Music Video* has derived significant amounts of income for Defendant in the form of new subscribers and an ongoing income stream.

4.     Defendant has engaged in a campaign to exploit and use Plaintiff's copyright, publicity rights including name, voice, image, persona and likeness without any legal right to do so.

5.     Plaintiff seeks temporary and permanent injunctive relief, damages (including actual and punitive damages, costs, and fees and expenses of attorneys and other professionals), and other appropriate relief, arising out of, among other things, Defendant's willful actions and in conscious disregard of Basil's rights;

### *PARTIES*

6     Plaintiff, Toni Basil, is a resident of the State of California, County of Los Angeles. Basil is a recording artist, director and choreographer credited with her most famous work, the *Mickey Music Video*, which has been exploited and infringed upon by Defendant.

7     Defendant, JibJab Media, Inc. ("JibJab") is a Delaware Corporation duly authorized and licensed to conduct business in California. Plaintiff is informed and believes that JibJab has a principal place of business located at 4121 Redwood Avenue, Los Angeles, California 90066.

8.     Plaintiff is ignorant of the true names and capacities of defendants sued

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

1   herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such

2   fictitious names. Plaintiff will amend this complaint to allege their true names and

3   capacities when ascertained.

4   ### *JURISDICTION AND VENUE*

5   9.    This Court has subject-matter jurisdiction over this action pursuant to 28

6   U.S.C. § 1331, and such jurisdiction is exclusive of state courts pursuant to 28 U.S.C. §

7   1338, in that this action arises under the U.S. Copyright Act of 1976, as amended, 17

8   U.S.C. § 101 et seq;

9   10.    This Court has pendent jurisdiction over the state-law claims in this action in

10   that the federal and state claims constitute a single case and the same evidence will prove

11   both sets of claims;

12   11.    This Court has personal jurisdiction over Defendant because, among other

13   things, Defendant is doing business in the State of California and in this judicial district,

14   the acts of infringement and violations of other rights complained of herein occurred in the

15   State of California and in this judicial district, and Defendant has caused injury to Plaintiff

16   and her intellectual property within the State of California and in this judicial district;

17   12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a

18   substantial part of the events giving rise to the claims occurred within the Central District

19   of California, including the marketing, advertising, promotion, offering for sale, and sale

20   of the Defendants products and/or services containing the *Mickey Music Video*.  Plaintiff is

21   a California resident and hereby asserts herself as the rightful copyright holder of the

22   *Mickey Music Video,* her right of publicity, and owner of the U.S. Copyright of the master

23   recording of *Mickey* which are the subject of this complaint.

24   ### *FACTS*

25   13.    On August 31, 1979, Toni Basil entered into a recording contract ("1979

26   Recording Agreement") with Radialchoice, Ltd. ("Radialchoice").  Basil's first album

27   *Word of Mouth* was made under the 1979 Recording Agreement.  *Word of Mouth* includes

28   Basil's iconic song, *Mickey.*  Attached hereto as Exhibit 1 is a true and correct copy of the

FEM LAW GROUP
18811 HUNTINGTON STREET,  SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

1   1979 Recording Agreement.

2   14.   Basil conceived the concept and wrote the chant "Hey Mickey you're so

3   fine, you're so fine you blow my mind, Hey Mickey… Hey Mickey" and recorded the

4   song *Mickey* in the fall of 1980.  Basil then decided to create a music video which she

5   conceived, directed, choreographed, performed and edited to go along with all her songs in

6   late 1980.

7   15.   On or about October 1, 1980, a letter agreement amending certain terms of

8   the 1979 Agreement ("1980 Amendment") was signed by Radialchoice and Basil. The

9   amendment conferred ownership of the copyrights in and to the music videos created

10   under the 1979 Agreement, including the *Mickey Music Video*, equally to Plaintiff and

11   Radialchoice. Attached hereto as Exhibit 2 is a true and correct copy of the 1980

12   Amendment.

13   16.   On or about March 31, 1981, the world-famous *Mickey Music Video,*

14   authored by Plaintiff, was in its final fixed form and ready for use to promote album sales

15   for Basil's first album *Word of Mouth* which contained Basil's sound recording of *Mickey*.

16   Basil is considered a visionary in pop culture as her talent and creativity converged with

17   the onset of MTV and the like.  The video was played in record stores to promote album

18   sales.

19   17.   The music video ownership provision of the 1980 Amendment provided that:

20   "[Radialchoice] has heretofore financed and produced a videotaped recording of [Basil]

21   incorporating thereon certain of [Basil's] performances (hereinafter "videotape"). Pursuant

22   to paragraph [17 (b)] of the Agreement, such videotape is deemed a "record" and is

23   subject, in all respects, to the provisions of the Agreement. Artist shall be entitled to

24   commercially exploit the videotape on the following conditions:… " [1980 ¶ 2].  The

25   condition under subparagraph (c) states, "(c) **copyright in and to the videotape shall vest**

26   **in [Radialchoice] and [Basil] in equal shares.** [Emphasis Added.] [1980 ¶ 2(c)].

27   18.   In 1982, Ms. Basil and Radialchoice entered into another recording

28   agreement ("1982 Agreement") for her second, self-titled album, *Toni Basil*.  Included in

the 1982 Agreement were more favorable terms and conditions relating to *Mickey,* which had already been produced under the 1979 Agreement and prior to the execution of the 1982 Agreement. Included in the 1982 Agreement is a reversion provision that automatically reverted all rights vested in Radialchoice to Plaintiff upon Radialchoice's involuntary liquidation. Attached hereto as Exhibit 3 is the 1982 Agreement.

19.    The reversion provision of the 1982 Agreement provided that:

"This agreement shall automatically terminate in the event of the Company going into liquidation (other than a voluntary liquidation for the purpose of reconstruction or amalgamation which in no way diminishes the rights, entitlements or privileges of Artiste hereunder) whereupon each and all rights vested in the Company hereunder shall automatically and without necessity of any action of any kind irrevocably and totally revert to Artiste." [1982 ¶ 18.2(a)].

20.    On or about March 25, 1985, Radialchoice was involuntarily forced into liquidation. At this time Radialchoice's share of rights in the *Mickey Music Video* automatically reverted to Plaintiff giving her complete ownership of the copyright.  Basil did not consent to any transfer of any content Basil authored to any purported successors in interest to Radialchoice.

21.    Plaintiff is informed and believes that JibJab is in the business of creating, promoting, and selling e-cards and e-card subscription services.  JibJab alters music videos and then allows subscription users to insert faces of their choosing in place of the faces in the original music videos.  JibJab markets and promotes its subscription service and builds its subscription through social media and email platforms using new product to entice consumers to sign up for annual subscriptions.  Defendant used the *Mickey Music Video* to build its consumer subscription base.

22.    On March 25, 2013, Basil recorded a notice of termination to the sound recording of *Mickey* effective June 11, 2016, at the United States Copyright Office (Volume 3616, Document 30.)  Plaintiff registered the *Mickey Music Video* with the United States Copyright Office, Registration Number PA 2-000-079 on November 24,

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

1    2015.

2       23.    On or about February 28, 2015, Clive Solomon, a United Kingdom national

3    living in Thailand and operating from the email address clive@misomuso.com who was

4    negotiating a licensing deal with JibJab for the video, "I'm too sexy" by Right Said Fred,

5    claimed to control Toni Basil's "Mickey" in addition to the iconic and much loved video.

6    Clive Solomon did not possess the rights to license the *Mickey Music Video* to JibJab.

7    Negotiations continued between Solomon who was negotiating as Fire Records, a UK

8    company.  Negotiations stalled but were resumed on or about January 22, 2016.

9       24.    Without verifying ownership by performing a simple search at the United

10   States Copyright Office, which is readily available to the public via the internet, on or

11   about April 19, 2016, JibJab entered into a licensing agreement for the use of the *Mickey*

12   *Music Video*, presumably with Clive Solomon, through Fire Records in connection with

13   JibJab's e-card products and services and the promotion thereof.

14      25.    Defendant regularly fails to verify copyright ownership of music video

15   ownership, then they purport to obtain the rights for use in connection with their e-card

16   services and website.  This constitutes an unfair business practice because the lack of due

17   diligence, where Defendant failed to and/or willfully chose not to research the true rights

18   holder of the *Mickey Music Video*, harmed Plaintiff.  A simple search on the U.S.

19   Copyright Office website would have revealed that Plaintiff has a valid registration for the

20   *Mickey Music Video* on file with the U.S. Copyright Office that lists her as the sole author

21   and owner of the *Mickey Music Video* copyright. Attached hereto as Exhibit 4 is the

22   *Mickey Music Video* copyright certificate of registration.

23      26.    On or about February 14, 2017, JibJab knowingly and willfully launched an

24   e-card featuring Plaintiff's *Mickey Music Video* copyright ("Mickey e-card"), which

25   featured the unauthorized use of Plaintiff's copyright, voice, image, name, persona, and

26   likeness.

27      27.    The Mickey e-card was utilized on Defendant's website as a product itself

28   and as a promotional tool for Defendant's other products and subscription services. This e-

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

1  card was also advertised on social media sites and apps to bait consumers to subscribe to

2  Defendant's platform.

3       28.    Before purchasing any of Defendant's e-card products or services,

4  Defendant's potential customers had the ability to create a derivative work of Plaintiff's

5  copyright by supplanting still photographs of themselves or others over the original,

6  recognizable faces found in Plaintiff's original music video, including Plaintiff's, to create

7  a custom Mickey e-card.

8       29.    Once the potential customer finished creating the custom Mickey e-card,

9  they were directed to a screen on Defendant's website where they were prompted to

10  purchase a subscription to Defendant's e-card services, giving the customer the ability to

11  send and post the custom Mickey e-card to potentially millions of viewers via email and/or

12  various other social media platforms. Only after promoting their e-card services to the

13  potential customer by allowing them to see the finished product containing Plaintiff's

14  copyright, voice, image, name, persona, and likeness, were they prompted to purchase

15  Defendant's products and/or services, effectively marketing the potential customer before

16  their purchase.

17       30.    Toni Basil's brand and identity are intertwined with her iconic song *Mickey*

18  and the *Mickey Music Video.*  Toni Basil is widely recognized as a one hit wonder for her

19  song *Mickey*.  Plaintiff is also a celebrated director and choreographer who has worked

20  with such notables as David Bowie, Elvis Presley, Bette Midler, Tina Turner, David Lee

21  Roth, to name a few.  In addition, she recently had a viral video, which reached millions of

22  viewers, further stimulating her brand and identity as the *Mickey* one hit wonder.  Her

23  reputation as a creative force and entertainment visionary is of extreme importance to her

24  and her livelihood.  Ms. Basil carefully selects projects she works on and protects her

25  image and credibility at every turn.

26       31.    JibJab never sought or obtained consent from Plaintiff prior to the infringing

27  acts for the use of her copyright in connection with Defendant's products and/or services or

28  the promotion thereof, or authorized JibJab to create or enable its customers to create

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

1  derivatives of Plaintiff's copyright.

2      32.   JibJab never sought or obtained consent from Plaintiff prior to launching the

3  JibJab *Mickey* campaign for the use of Plaintiff's voice, image, name, persona, or likeness

4  in connection with Defendant's products and/or services or the promotion thereof.

5      33.   Toni Basil's right to publicity has been severely and irreparably harmed

6  where Defendants continuously exploit Plaintiff's voice, image, name, persona, and

7  likeness without consent or authority to do so for their own gain in complete disregard for

8  Plaintiff's financial or emotional well-being. The *Mickey Music Video* with JibJab

9  customers' along with the customers' friends' and families' faces can still be seen on the

10  internet as of the filing of this complaint.

11      34.   Upon notice of the unauthorized commercial use of Toni Basil's *Mickey*

12  *Music Video* along with the implied endorsement causes her to become withdrawn,

13  despondent and physically ill. She has experienced sleep deprivation, nightmares, and

14  anxiety.

15      35.   The public was exposed to the Defendant's utilization of Plaintiff's voice,

16  image, name, persona, and likeness and a reasonable consumer would be lead to believe

17  Ms. Basil had approved and/or endorsed Defendant's e-card products and services.

18      36.   This complaint follows and asserts the following claims for relief – (1)

19  Copyright Infringement; (2) Violation of California Civil Code §3344; (3) Violation of

20  Common Law Right of Publicity; (4) False Designation of Origin [Violation of Lanham

21  Act 43(a)]; (5) Unjust Enrichment; (6) Involuntary Trust; (7) Financial Elder Abuse; and

22  (8) Violation of Business & Professions Code § 17200, *et seq.*

23

24                          **FIRST CLAIM FOR RELIEF**

25                           **Copyright Infringement**

26                            **Against All Defendants**

27      37.   Plaintiff realleges and incorporates here the allegations contained in

28  paragraphs 1 through 36 above.

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

38.     Through their conduct alleged herein, Defendants, and each of them, have infringed Plaintiff's copyright in the *Mickey Music Video* in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

39.     Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

40.     As a direct and proximate result of said infringement by Defendants, and each of them, Plaintiff is entitled to damages in an amount to be proven at trial.

41.     Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

42.     Plaintiff is further entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

43.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the *Mickey Music Video*. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

## SECOND CLAIM FOR RELIEF

### Violation of California Civil Code §3344

### Against All Defendants

44.     Plaintiff hereby incorporates all paragraphs above as though set forth fully herein.

45.     Toni Basil is the holder of her own rights of publicity, including her image, name, persona, likeness and voice.

46.     Defendants knowingly used Ms. Basil's voice, name, likeness, and/or persona for the purpose of advertising, selling, and/or soliciting purchases of merchandise,

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

1  goods and/or services in commerce without Ms. Basil's permission or consent. Defendants'

2  use of Ms. Basil's voice, name, likeness, and/or persona was directly related to their

3  business.

4         47.    As a direct and proximate result of the aforementioned acts by Defendants,

5  Ms. Basil has been damaged, and will be damaged, in an amount subject to proof at trial

6  and in excess of the minimum jurisdictional limit of this Court. Ms. Basil is entitled to

7  damages in an amount equal to the greater of seven hundred fifty dollars ($750) for each

8  unauthorized use, or the actual damages suffered by Ms. Basil as a result of the

9  unauthorized uses, and any profits from the unauthorized uses that are attributable to the

10  use and are not taken into account in computing the actual damages.

11         48.    Plaintiff has suffered emotional distress damages as a result of Defendants'

12  conduct exploiting her voice, image, name, likeness, and/or persona without remuneration

13  or consent for commercial gain.

14         49.    Pursuant to the mandatory attorneys' fees provision of California Civil Code

15  §3344, Ms. Basil is also entitled to recover her attorneys' fees and costs.

16         50.    In addition, because the Defendants' conduct was fraudulent, oppressive and

17  malicious, Ms. Basil seeks punitive damages in an amount to be proven at trial.

18  **THIRD CLAIM FOR RELIEF**

19  **Violation of Common Law Right of Publicity**

20  **Against All Defendants**

21         51.    Plaintiff hereby incorporates all paragraphs above as though set forth fully

22  herein.

23         52.    Toni Basil is the holder of her own rights of publicity, including her image,

24  name, persona, likeness and voice.

25         53.    Defendants used Ms Basil's voice, image, name, likeness, and/or persona for

26  the purpose of advertising, selling, and soliciting purchases of merchandise, goods, and/or

27  services in commerce without Ms. Basil's permission or consent.

28         54.    As a direct and proximate result of the aforementioned acts by the

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

1  Defendants, Ms. Basil has been damaged and will be damaged, in an amount subject to
2  proof at trial and in excess of the minimum jurisdictional limit of this Court.

3      55.    As a further direct and proximate result of Defendants' knowing, willful, and
4  conscious disregard for the rights of Plaintiffs, Defendants are guilty of oppression, fraud,
5  and malice, entitling Plaintiffs to an award of punitive damages.

6      56.    Pursuant to the mandatory attorneys' fees provision of California Civil Code
7  §3344, Ms. Basil is also entitled to recover her attorneys' fees and costs.

8  **FOURTH CLAIM FOR RELIEF**

9  **False Designation of Origin/False Impression of Association**

10  **[Violation of Lanham Act, Section 43(a)]**

11  **Against All Defendants**

12      57.    Plaintiff incorporates herein by reference, to the extent applicable, each and
13  every allegation contained hereinabove.

14      58.    In connection with the Defendant's website, products, and/or services, the
15  Defendants have knowingly misappropriated, annexed and used Ms. Basil's image, voice,
16  name, likeness, and/or persona to falsely describe or represent that Defendant's website,
17  products and/or services are associated, approved, and/or connected with Ms. Basil.

18      59.    Defendants' use of Ms. Basil's image, voice, name, likeness, and/or persona
19  in connection with Defendants' website, products and/or services and/or the promotion,
20  marketing, advertising, and selling of the Defendants' products and/or services is a false
21  designation of origin and false or misleading representation of fact which is likely to cause
22  confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association
23  between Ms. Basil and the Defendants, and is likely to cause confusion, mistake, or
24  deception as to the origin, sponsorship, or approval of the Defendants' website, products
25  and/or services by Ms. Basil.

26      60.    Ms. Basil is informed and believes, and on that basis alleges, that the
27  Defendants confused and mislead the public, and did represent and create the false
28  impression that the Defendants' website, products and/or services are endorsed by,

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

1 | authorized, originated, sponsored, approved, licensed, or otherwise affiliated with Ms.
2 | Basil.

3 |      61.    Ms. Basil has not authorized, licensed, or given permission to the Defendants
4 | to use her voice, image, name, likeness, and/or persona in any commercial or other manner
5 | whatsoever.

6 |      62.    Thus, the Defendants have created and will continue to create a false
7 | impression concerning an association between Ms. Basil and the Defendants, a false
8 | designation of the origin of the Defendants' websites, stores, goods, shows, and/or
9 | services, and confusion as to a connection between the respective parties.

10 |      63.    As a direct and proximate result of the aforementioned acts, Ms. Basil has
11 | sustained and will continue to sustain substantial injury to her businesses, reputation, fame,
12 | emotional well-being, and goodwill. Ms. Basil has been damaged and will be damaged, in
13 | an amount subject to proof at trial and in excess of the minimum jurisdictional limit of this
14 | Court.

15 |      64.    Pursuant to 15 U.S.C. §§ 1116(a), Ms. Basil is entitled to an order enjoining
16 | the Defendants from using Ms. Basil's image, voice, name, likeness, and/or persona in
17 | connection with Defendants' website, products and/or services, and/or the marketing,
18 | distribution, or sale of any of the Defendants' products or services.

19 |      65.    Pursuant to 15 U.S.C. § 1117(a), Ms. Basil is entitled to an order requiring
20 | the Defendants to account to her for any and all profits derived by the Defendants from
21 | their actions, and to an order awarding all damages sustained by Ms. Basil and caused by
22 | the Defendants' conduct. The Defendants' acts make this an exceptional case under 15
23 | U.S.C. Section 1117(a) and Ms. Basil is entitled to recover her attorneys' fees and the
24 | costs of this action.

25 |      66.    Ms. Basil is informed and believes and based thereon alleges that the
26 | Defendants' conduct alleged herein was intentional and without foundation in law.
27 | Pursuant to 15 U.S.C. Section 1117(a), Ms. Basil is entitled to an award of treble damages
28 | against all Defendants.

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

**FIFTH CLAIM FOR RELIEF**

**Unjust Enrichment**

**Against All Defendants**

67.     Plaintiff hereby incorporates all paragraphs above as though set forth fully herein.

68.     By means of the fraud and other acts alleged above, Defendants, and each of them, acquired money and property, with the knowledge of said fraudulent and wrongful acts, including specifically proceeds from the offering for sale, and selling, advertising, marketing, and distributing the *Mickey Music Video* in connection with JibJab's advertising, e-card products and services, the proceeds attributable to the use of Ms. Basil's copyright to sell, advertise, market and/or promote Defendant's products and services, and the profits and dividends generated by such sales and distributions, such that Defendants hold such profits and dividends in constructive trust for Plaintiff and/or must make restitution to Plaintiff in a sum sufficient to deprive Defendants of all unjust enrichment derived from the distributions and sales of the *Mickey Music Video*, including but not limited to all proceeds and profits derived in the United States, Canada and worldwide, and all proceeds and profits attributable to the use of Ms. Basil's copyright in connection with the advertising, marketing and/or promotion of Defendants' products and services.

**SIXTH CLAIM FOR RELIEF**

**Involuntary Trust**

**Against All Defendants**

69.     Plaintiff hereby incorporates all paragraphs above as though set forth fully herein.

70.     By means of fraud, accident, mistake, undue influence, the violation of trust or other wrongful acts alleged above, Defendants, and each of them, acquired money and property, including specifically revenue generated from the sales and licensure of *Mickey Music Video* and all proceeds and profits derived from the offering for sale, and selling, advertising, marketing, and distributing the *Mickey Music Video* and the proceeds

1   attributable to the use of Ms. Basil's copyright to sell, advertise, market and/or promote

2   Defendant's products and services in the United States, Canada and worldwide, and

3   wrongfully retained said money and property such that they became involuntary trustees of

4   such money and property for the benefit of Plaintiff pursuant to California Civil Code

5   §§2223 and 2224.

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

6                          **SEVENTH CLAIM FOR RELIEF**

7   **Violation of California Business & Professions Code § 17200, et seq.,**

8                          **Against All Defendants**

9        71.    Plaintiff hereby incorporates all paragraphs above as though set forth fully

10  herein.

11       72.    Business and Professions Code § 17200 *et seq.*, prohibits acts of unfair

12  competition which shall mean and include any "unlawful, unfair, or fraudulent business act

13  or practice." Plaintiff alleges that at all relevant times Defendants, and each of them, have

14  engaged in unfair business practices in California by utilizing the illegal, unfair, fraudulent

15  and/or unlawful practices outlined above, including causing Plaintiff's to have her name,

16  voice, image, person, photograph and likeness continuously exploited without her consent

17  or the authority to do so in complete disregard for Ms. Basil's financial or emotional well

18  being, and by Defendants' business practice of assuming that all music video copyrights

19  are held by the same party that represents itself as the master recording copyright owner.

20       73.    Defendants' business acts and practices are unlawful and violate Civil Code

21  §§2223, 2224 and 3344, the Lanham Act 43(a), and 17 U.S.C. §§106 and 501.

22  Furthermore, Defendants' marketing, advertising, promotion, offering for sale, and sale of

23  the *Mickey Music Video* in connection with Defendant's e-card products and services

24  constitute unfair business practices, unfair competition, and provide an unfair advantage

25  over Defendants' competitors that actually obtain consent for the use of Plaintiff's voice,

26  name, image, persona and/or likeness, and who actually clear all necessary rights for their

27  particular use from the legitimate owners of the aforementioned rights.

28       74.    Defendants' actions entitle Plaintiff to seek the remedies available pursuant

1  to Business and Professions Code §17200 *et seq.* in the form of restitution and injunctive

2  relief as authorized under Business and Professions Code §17203.

3       75.    Plaintiff seeks full restitution and disgorgement of said monies from

4  Defendants, as necessary and according to proof, to restore any and all monies, including

5  interest, withheld, acquired or converted by Defendants by means of the unfair practices

6  complained of herein.  Plaintiff further seeks the appointment of a receiver as necessary.

7  Plaintiff also seeks an injunction and declaratory relief to remedy and prevent Defendants'

8  improper activities and practices.

9  ***PRAYER FOR RELIEF***

10      WHEREFORE, Plaintiff prays for judgment as follows:

11      1.    That this Court award compensatory damages including but not limited to

12  profits lost due to Defendants' conduct and other consequential damages, in an amount

13  according to proof;

14      2.    That this Court award punitive damages in an amount appropriate to punish

15  Defendants, to deter others from engaging in such conduct, and to set an example of

16  Defendants;

17      3.    That this Court award the greater of actual damages according to proof or

18  statutory damages under Civil Code §3344;

19      4.    That this Court award emotional distress damages;

20      5.    That this Court award a preliminary and permanent injunction enjoining

21  Defendants and their respective officers, agents, servants, employees, and attorneys, and

22  all persons in active concert or participation with each or any of them, from directly

23  committing, aiding, encouraging, enabling, inducing, causing, materially contributing to,

24  or otherwise facilitating the unauthorized reproduction, sale, licensing or distribution of the

25  *Mickey Music Video*;

26      6.    That this Court order Defendants to account to Plaintiff;

27      7.    That this Court order Defendants to disgorge all profits and proceeds earned

28  relative to the exploitation of the *Mickey Music Video;*

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648

1        8.     That this Court impose a constructive trust on all property acquired by

2   Defendants as a result of their malfeasances;

3        9.     That this Court award Plaintiff's actual costs incurred for this action,

4   including, but not limited to, reasonable attorneys' fees;

5        10.    That this Court award of prejudgment and post judgment interest on all

6   sums;

7        11.    That this Court order such further relief as justice may require, or as this

8   Court deems necessary.

9

10                                       **DEMAND FOR JURY TRIAL**

11   Plaintiff hereby demands a jury trial for all issues so triable.

12

13   Dated:  August 28, 2017                        FEM LAW GROUP

14

15                                     By:

16                                         F. Edie Mermelstein
                                         *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28

FEM LAW GROUP
18811 HUNTINGTON STREET, SUITE 240
HUNTINGTON BEACH, CALIFORNIA 92648